UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUGLAS U.,<br>　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>　　Defendant. | No. 3:22-cv-356 (SRU) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES**

Plaintiff Douglas U. ("Plaintiff") seeks an award of fees pursuant to the Equal Access to Justice Act ("EAJA"). The stipulated-to fee and costs award is **granted**.

### I. Background

Plaintiff applied for Social Security Disability Insurance Benefits on May 10, 2019, alleging disability beginning October 15, 2018. *See* Certified Transcript of the Administrative Record, Doc. No. 8, compiled on April 27, 2022, (hereinafter "Tr.") at 156. Plaintiff's application was initially denied on October 15, 2019, Tr. 68-83, 101-04, and upon reconsideration on January 16, 2020, Tr. 84-100, 109-111.

On August 31, 2020, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Deirdre Horton. *See generally* Tr. 35-67. On September 17, 2020, the ALJ issued an unfavorable decision. Tr. 11-13. On January 4, 2022, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. Tr. 5-8. On March 6, 2022, represented by Attorney Daniel H. Fishman, Plaintiff timely appealed that decision to this Court. *See* Doc. No. 1.

On April 29, 2022, the Commissioner filed the official transcript. Doc. No. 8. On June 27, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. Doc. No. 11. On August 19, 2022, the Commissioner filed a Consent Motion for Voluntary Remand. Doc. No. 14. On August 23, 2022, I granted the Motion for Voluntary Remand. *See* Doc. No. 15. That same day, judgment entered in favor of Plaintiff. Doc. No. 16.

On November 15, 2022, Plaintiff filed a Motion for Attorney's Fees supported by Plaintiff's counsel's fee itemization. Doc. No. 17; Doc. No. 17-1. Thereafter, on December 6, 2022, the Commissioner filed a Stipulation for Allowance of Fees Under the EAJA (the "Stipulation"). Doc. No. 19. In the Stipulation, the parties "agree and stipulate" that Plaintiff shall be awarded attorneys' fees in the amount of $7,420.00 under the EAJA, 28 U.S.C. § 2412, "in full satisfaction of any and all claims under the EAJA. *Id.* at 1. The Stipulation further states that "Plaintiff is awarded costs under 28 U.S.C. § 1920 in the amount of $402.00." *Id.*

## II.    Standard of Review

Although the parties have reached an agreement regarding the appropriate award of fees in this matter, I must review the record and determine whether the proposed award is reasonable. *See Shelley M. B. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 1605496 (D. Conn. May 20, 2022) (collecting cases). The plaintiff bears the burden of establishing entitlement to a fee award, and I have discretion to determine what fee is "reasonable." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)).

## III.   Discussion

Plaintiff's attorney claims he has worked on this matter for 39.2 hours; however, he claims fees for only 35 hours of attorney work at a rate of $212.00 per hour, for a total fee of $7,420.00. *See* Doc. No. 17-1 at 2-3. The parties have reached an agreement under which the

defendant would pay $7,420.00 for attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412, and $402.00 in costs to the Plaintiff pursuant to 28 U.S.C. § 1920. Doc. No. 19 at 1. I approve.

First, a fee award is appropriate. A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA. *See* 28 U.S.C. § 2412. To enter an award of attorneys' fees under that statute, I must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. *See id.* § 2412(d)(1)(B).

Here, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 2412(d)(1)(B), and that an award of fees may enter. First, I find that Plaintiff is a prevailing party in light of the Commissioner consenting to an order of remand of this matter for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Second, I conclude that the government has conceded that the Commissioner's position was without substantial justification because it declined to oppose the motion to remand. *See Coleman v. Comm'r of Soc. Sec.*, 2022 WL 669881, at *1 (S.D.N.Y. Mar. 7, 2022); *Soto v. Astrue*, 2010 WL 2026269, at *1 (E.D.N.Y. May 20, 2010). Third, I determine that no special circumstances would make an award unjust. Finally, Plaintiff's fee petition was timely filed.[1]

Second, the fees sought are reasonable. I must review counsel's time sheets to determine the reasonableness of the hours requested and to exclude time entries that are "excessive, redundant, or otherwise unnecessary." *Shelley M.B.*, 2022 WL 1605496, at *2 (quoting *Hensley*, 461 U.S. at 434). To do so, I assess "the size of the administrative record, the complexity of the

---

[1] Entry of judgment starts the sixty-day period in which either party may appeal the case. *Coleman*, 2022 WL 669881 at *2. After the sixty-day appeal period expires, the plaintiff's thirty-day period to file an application for EAJA fees begins. *Id.* In this case, judgment entered on August 23, 2022; the sixty-day appeal period expired on October 22, 2022; and the plaintiff had until November 21, 2022 to move for EAJA fees. Plaintiff's fee petition was filed on November 15, 2022. Doc. No. 17.

factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Rodriguez v. Astrue*, 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) (cleaned up).

Here, Plaintiff's counsel seeks payment for 35.0 hours of attorney work. Doc. No. 17-1 at 3. As a threshold matter, the hours expended appear reasonable. *See Poulin v. Astrue*, 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (providing that "routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute" and collecting cases). Each claimed fee also appears reasonable. Counsel seeks fees for, *inter alia*, reviewing the administrative transcript and preparing a well-reasoned motion to reverse and memorandum of law. *See* Doc. No. 17-1 at 1-2. Further, I consider that the parties' fee stipulation "adds weight to the claim that the fee award claimed is reasonable." *Shelley M.B.*, 2022 WL 1605496, at *3.

Finally, the docket reflects that Plaintiff paid a filing fee in the amount of $402.00 upon filing the complaint. *See* Doc. No. 1. Taken together, I conclude that an award of $7,420.00 in attorneys' fees and $402.00 in costs is appropriate.

**IV.   Conclusion**

I **approve** the parties' Stipulation, doc. no. 19, and **grant** Plaintiff's Motion for Attorney's Fees. Doc. No. 17. The Commissioner shall pay the Plaintiff's attorney $7,420.00 in fees and the Plaintiff $402.00 in costs.

So ordered.

Dated at Bridgeport, Connecticut, this 25th day of April 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge